WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Sotelo, a married man, | ) |
| Plaintiff, | ) No. CV 03-521 TUC JMR |
| vs. | ) **ORDER** |
| Paychex, Inc., a Delaware Corporation, | ) |
| Defendant. | ) |
| Paychex, Inc., a Delaware Corporation, | ) |
| Counterclaimant, | ) |
| vs. | ) |
| Anthony Sotelo and Sheri Sotelo, a married couple; and Time Plus Payroll Services, a trade name of Time Plus, Inc., a Georgia corporation, and A Plus Professional Services, L.L.C., an Arizona limited liability company, | ) |
| Counterdefendants. | ) |

On September 20, 2005, this Court granted Defendant's/Counterclaimant's motion for partial summary judgment for breach of the restrictive covenants in contracts for the sale and reacquisition of a payroll service franchise and the subsequent employment

-1-

contract with Anthony Sotelo and shareholder agreement with Sheri Sotelo. The Court ordered further briefing on damages for the breach of contract.

Paychex argues that two forms of damages are available, restitution or loss of profits. It requests $300,360.00 in restitution or $108,148.84 for lost profits. The Sotelos argue that restitution is only available for a breach of contract when the breach amounts to a complete revocation of the contract. They further argue that because Paychex received the benefit of the reacquired franchise (i.e. the Sotelos' customer list and goodwill from their operation of the franchise) and because the Sotelos worked for Paychex for two years prior to the breach, their breach of contract does not amount to a repudiation. The Sotelos argue that the only measure of damages available to Paychex is for lost profits. The Sotelos do not challenge Paychex' calculation of lost profits. Under the contracts, Maine law applies.

"As a general rule, the purpose of an award of compensatory damages for a breach of contract is to place the plaintiff in the same position that he or she would have enjoyed had there been no breach. . . . An injured party is entitled to recover for all losses actually suffered as a result of the breach." *Lee v. Scotia Prince Cruises Ltd.*, 828 A.2d 210, 216 (Me. 2003) (citing *Down E. Energy Corp. v. RMR, Inc.*, 677 A.2d 1070, 1073 (Me. 1996); *Marchesseault v. Jackson*, 611 A.2d 95, 98 (Me. 1992)). However, in breach of contract, a plaintiff is only allowed to recover restitution damages if the breach amounts to a disaffirmance of the contract. *See Harmony Homes Corp. v. Cragg*, 390 A.2d 1033, 1035 (Me. 1978). Paychex' claim does not state a disaffirmance of the contract. The only

appropriate measure of damages is the losses actually suffered as a result of the breach, *i.e.* loss of profits.

Paychex also asks for pre-judgment interest under 14 M.R.S.A. § 1602-B(3)(B) at a rate of 4.41% per annum, and post-judgment interest under 14 M.R.S.A. § 1602-C at a rate of 10.94%. 14 M.R.S.A. § 1602-C(1)(B); Federal Reserve Statistical Release, May 1, 2006, *available at* http://www.federalreserve.gov/releases/h15/current/. The Sotelos do not challenge this claim.

Finally, Paychex requests attorneys fees and costs. The Sotelos argue that this request is premature and improperly supported pursuant to Rule 54.2 of the Rules of Practice of the United States District Court for the District of Arizona. The Sotelos are correct. Paychex' request will be denied with leave to amend.

Accordingly,

**IT IS ORDERED** that Defendant/Counterclaimant is awarded $108,148.84 for lost profits on its breach of contract claim.

**IT IS FURTHER ORDERED** that Defendant/Counterclaimant is awarded pre-judgment interest at the rate of 4.41% per annum and post-judgment interest at the rate of 10.94% per annum.

**IT IS FURTHER ORDERED** that Defendant's/Counterclaimant's request for attorneys fees and costs is **DENIED WITH LEAVE TO AMMEND**.

**IT IS FURTHER ORDERED** that the parties shall have 30 days from the date of this order to submit a joint proposed pretrial order on Defendant's/Counterclaimant's

remaining claims.

DATED this 8th day of May, 2006.

_____
John M. Roll
Chief United States District Judge